THE STATE, JOHN I. VAN ALST, JR., PROSECUTOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY, PER THE BOARD OF FIRE COMMISSIONERS OF JERSEY CITY.

The clerk of the board of fire commissioners of Jersey City is an employee, and his position is protected by the act of 1885. *Pamph. L.*, p. 130.

---

This writ brings up the proceedings concerning the election of a clerk and the removal of Van Alst from his position of clerk to the board of fire commissioners of Jersey City. Van Alst was elected clerk of the board of fire commissioners April 17th, 1880. At a meeting held on April 28th, 1886, the board voted to proceed to ballot for a clerk to fill the position then occupied by the prosecutor, but after a number of ballotings without success the board adjourned.

The writ brings up the proceedings of the board in its attempt to elect a clerk.

Argued at June Term, 1886, before Justices DIXON and REED.

For the prosecutor, *Gilbert Collins*.

For the defendants, *A. L. McDermott*.

The opinion of the court was delivered by

REED, J. The counsel for the prosecutor claims that his office is within the terms of the act of 1885 (*Pamph. L.*, p.

130), and that he is by it protected from removal. The act provides that the officers and men employed by municipal authority in the fire department of any city shall severally hold their respective offices and continue in their respective employments during good behavior, efficiency and residence in such city. It then provides for what causes they may be removed.

The point mooted upon the argument was whether the clerk of the board of fire commissioners was an officer or employee within the meaning of the act.

The fire department of Jersey City was organized by the charter contained in *Pamph. L.* 1871, *p.* 1094. Section 115 of the act confers upon the fire commissioners authority to appoint a clerk and such persons as they may deem necessary for the proper management of the fire telegraph and alarm apparatus of said city and to define their duties and fix their compensation.

This clause is the concluding one of the section, which section generally defines the offices and employment for which the board shall select men.

The act was amended by the act of 1872, (*Pamph. L.*, *p.* 665), but not so as to alter in any respect the method of appointing a clerk. I am of opinion that the clerk is an officer or person employed by municipal authority in the fire department. His duties are connected with the execution of the functions of the department. Although his services are more remote from the actual extinguishment of flames than are those of truckmen and firemen, yet all these men are engaged in a common service. His position is protected by the act of 1885.

It is objected by the defendants that he was not appointed by municipal authority, because of a failure to comply with a rule of the board providing that no appointment in the department should be legal until the applicant did certain things. This rule is set out in the preceding case of Michaelis *v.* Fire Commissioners, and in addition to what was said of the rule in that case, it appears that the rule was not in force when the appointment in the present case was made.

The resolution that the board should proceed to the election of a clerk is set aside.